## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ROBERTS (#M-422930), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 5245 |
| | ) | |
| v. | ) | |
| | ) | |
| MR. BAILEY, MR. RILEY, and, | ) | Judge John Z. Lee |
| MR. TORRES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Roberts brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging he was subjected to deliberate indifference to a serious medical condition after he suffered a spider bite at the Cook County Jail on May 24, 2013. The remaining Defendants, Correctional Officers Bailey, Riley, and Torres, have moved for summary judgment. For the following reasons, Defendants' motion is granted.

## Local Rule 56.1

Defendants filed a statement of uncontested material facts pursuant to Local Rule 56.1. Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

(3) a concise response to the movant's statement that shall contain:

(A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and

(B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

(C) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

N.D. Ill. L.R. 56.1(b). Defendants also provided Roberts a "Notice to Pro Se Litigant Opposing

Motion for Summary Judgment," as required by Seventh Circuit precedent and Local Rule 56.2. *See Smith v. Lamz*, 321 F.3d 680, 682 (7th Cir. 2003). That notice explained the requirements of the Local Rule 56.1 and warned Roberts that failing to controvert any facts as set forth in the moving party's statement will result in those facts being deemed admitted. *See* N.D. Ill. L.R. 56.2; *see also Lamz*, 321 F.3d at 683.

Despite the above admonitions, Roberts failed to file a proper response to Defendants' statement of uncontested facts, instead only generally disputing that summary judgment should be granted. *See generally* Pl.'s Resp. The Seventh Circuit has "repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1." *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005). This is true for all litigants, even those proceeding *pro se*. *See, e.g., Greer v. Bd. of Educ. of City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Given Roberts' failure to comply with Local Rule 56.1, the Court deems Defendants' statements of uncontested fact admitted. However, to the extent Roberts asserts facts within his personal knowledge in his response to the motion, the Court will consider those additional facts for the purposes of this motion. *See* Fed. R. Evid. 602.

## Background

Roberts was incarcerated at the Cook County Department of Corrections ("CCJ") at the time this action was filed on July 22, 2013. Defs.' LR 56.1(a)(3) Stmt. ¶ 2. Sometime during the late hours of May 23, 2013, or the early morning hours of May 24, 2013, Roberts awoke in his

2

cell after feeling a pinch on his left knee. *Id.* ¶ 11. Upon awaking, he noticed a small spider on his bunk and killed it before going back to sleep. *Id.* ¶¶ 12, 14, Ex. 2 at 88:19–24 to 89:1–4. While he never actually saw the spider bite him, Roberts awoke that morning to discover he had a small bump on his knee. *Id.* ¶ 15. According to Roberts, the injury was not significant until the night of May 25, 2013, when the bite began to swell, and he started to walk with a limp. *Id.* ¶ 34. Roberts did not begin experiencing pain until after Saturday, May 25, 2013. *Id.* ¶ 25. Roberts claims, however, that at various points during the weekend he spoke with three prison officials about the spider bite. *Id.* ¶¶ 17, 23, 33, 42, 46.

One of those prison officials was allegedly Officer Bailey. *Id.* ¶ 17. Officer Bailey was not working on May 24, 2013, or May 25, 2013. *Id.* ¶¶ 16, 36. In any event, Roberts believes he interacted with Officer Bailey on both of those dates. *See id.* ¶¶ 17, 35, Ex. 2 at 86:6–17, 107:24 to 108:1–3. First, on May 24, 2013, Roberts claims that he is "almost sure" he briefly complained to Officer Bailey of the spider bite, showing Officer Bailey where he had been bitten, but acknowledging that the bite was insignificant — about the size of a mosquito bite — and did not cause pain. *Id.* ¶¶ 17–18, Ex. 2 at 86:12, 92:10. Then, on the morning of May 25, 2013, Roberts "think[s]" he complained to Officer Bailey that the swelling in his leg was getting worse. *Id.* ¶ 33, Ex. 2 at 102:18–19.

Roberts also claims he spoke with Officer Riley on May 24, 2013, telling him that his leg was starting to hurt and that he needed medical attention. *Id.* ¶ 23. Officer Riley told Plaintiff that there was a lockdown in place and it was a holiday weekend, so Roberts would not be able to go to the doctor. *Id.* ¶ 26. Officer Riley asked Roberts if he had filed a Health Service Request Form, and Roberts indicated that he had. *Id.* ¶ 27, Ex. 2 at 126:8–9.

Roberts also alleges he spoke with Officer Riley for a second time on either May 25,

2013, or May 26, 2013; however, Officer Riley was not working on these dates. *Id.* ¶¶ 46–47. At any rate, this alleged second interaction with Officer Riley was brief, with Roberts simply telling Officer Riley that his knee was getting worse and asking to see a doctor. *Id.* ¶ 48, Ex. 2 at 119:7–10. Roberts is unsure whether he showed Officer Riley his leg during this second exchange. *Id.* ¶ 49, Ex. 2 at 119:7–10.

Finally, Roberts claims he told Officer Torres on either May 25, 2013, or May 26, 2013, that he was in pain and needed to see a doctor because his leg was swollen. *Id.* ¶ 42. Plaintiff did not show Officer Torres his leg but kept his pant leg rolled up "so that his injury would be apparent." *Id.* ¶ 43, Ex. 2 at 121:16–20. Officer Torres told Plaintiff that the clinic was closed and no doctor was available. *Id.* ¶ 44. After his brief exchange with Officer Torres, Plaintiff returned to his bunk. *Id.* ¶ 45.

Roberts did not otherwise seek medical treatment. *Id.* ¶ 59. According to Roberts, there is a dispensary, which is "like a clinic inside the jail," where inmates can seek medical attention and receive medicine. *Id.* ¶¶ 56–57, Ex. 2 at 127:4. Roberts admits he had received medical attention at the dispensary before the spider bite incident and also admits that he could have gone to the dispensary over the course of the weekend in question but did not do so. *Id.* ¶¶ 58–59, Ex. 2 at 127:7–11. Roberts believes he may have stayed in his cell on the dates of May 26, 2013, and May 27, 2013. *Id.* ¶¶ 50–51. Finally, on Tuesday, May 28, 2013, a correctional officer sent Roberts for medical treatment. *Id.* ¶ 52.

## **Legal Standard**

Summary judgment is appropriate if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If no reasonable

4

jury could find in favor of the nonmoving party, then no genuine dispute exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the movant has demonstrated that there is no genuine issue of material fact, the nonmovant bears the burden of setting forth specific facts demonstrating that there are disputed material facts that must be decided at trial. *Celotex*, 477 U.S. at 322. In setting forth such specific facts, the nonmovant is required to "go beyond the pleadings" and support his contentions with documentary evidence. *Id.* at 324. The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## Analysis

Pretrial detainees have a right to adequate medical treatment under the Fourteenth Amendment analogous to those protections afforded prisoners under the Eighth Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Therefore, deliberate indifference claims arising under the Fourteenth Amendment use the same standard as those arising under the Eighth Amendment. *Id*. Under that standard, a plaintiff must prove both an objective and subjective element. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002).

The objective component "requires that the inmate's medical need be sufficiently serious" to implicate the Constitution. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would know that a doctor's attention was needed. *Foelker v. Outagamie County*, 394 F.3d 510, 512–13 (7th Cir. 2005); *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of

pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (*citing Gutierrez*, 111 F.3d at 1373). An insect bite such as the one described by Roberts — that is, no wider than the tip of a cigarette and similar in appearance to a pimple — is not, in and of itself, an objectively serious medical condition. *See Jellis v. Hulick*, 422 Fed. Appx. 548, 550 (7th Cir. 2011) ("two-centimeter, day-old [spider] bite . . . does not compare to those [injuries] that this court has found would be obvious to a layperson"). And while Roberts alleges in his complaint that his knee became "severely infected" at some point after he was bitten, *see* Pl.'s Compl. 7, Roberts is "no longer free [on summary judgment] to rest on the bare allegations of [the] complaint, but [must] set forth specific facts showing the existence of a genuine issue of material fact for trial." *McDonnell v. Flaharty*, 636 F.2d 184, 187 (7th Cir. 1980). Because Roberts has failed to provide the Court with evidence to create a genuine issue of material fact as to whether he suffered from an objectively serious condition, his deliberate indifference claims falter from the outset.

Moreover, even assuming Roberts did suffer from an objectively serious medical condition, Roberts' claim would still fail as he cannot establish the subjective element of his claim either. The subjective element of deliberate indifference requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). Medical negligence is insufficient to demonstrate deliberate indifference. *See Foelker*, 394 F.3d at 513. However, a prisoner does not need to prove that the prison official "intended, hoped for, or desired the harm that transpired." *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Instead, it is sufficient if the prisoner demonstrates that the prison official actually knew of a substantial risk of harm to the prisoner — or that the risk

was obvious — and acted or failed to act in disregard to that risk. *See Benjamin*, 293 F.3d at 1037.

Here, Roberts has failed to present evidence sufficient to create an issue of material fact as to the Defendants' state of mind. At best, Roberts can establish that: he suffered a spider bite overnight between Thursday, May 23, 2013, and Friday, May 24, 2013; he is "almost sure" he spoke to Officer Bailey on Friday and showed him what looked like a mosquito bite, but admitted it was insignificant; he "think[s]" he similarly spoke to Officer Bailey on Saturday; he very briefly mentioned the insect bite to Officer Riley twice, showing him the cigarette-sized, pimple-like bump to Riley on only the first occasion; he asked Officer Torres on Saturday if he could see a doctor while he had his pant leg rolled up; he potentially spent all of Sunday and Monday in his cell; and, by Tuesday, he was taken for treatment. These "isolated incidents of delay" may be regrettable, but they do not reasonably suggest the criminal recklessness necessary to prove deliberate indifference. *See Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000); *Gutierrez*, 111 F.3d at 1374–75. Therefore, Roberts' claims cannot survive summary judgment.

As a final note, Roberts' deliberate indifference claims further suffer as he admitted he could have sought medical attention at the dispensary during the weekend in question, but did not. *See* Defs.' LR 56.1(a)(3) Stmt. ¶ 59, Ex. 2 at 127:7–11 ("Q: So you could have gone [to the dispensary] over the course of that weekend? / A: Yes / Q: And you did not go there? / A: No."). Roberts cannot "engineer an Eighth Amendment violation" by not taking the opportunity to visit the dispensary on his own and then accuse Defendants of failing to obtain medical care for him. *Cf. Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005) (granting summary judgment for defendants because defendant's denial of showers and meals was attributable to plaintiff's

7

refusal to comply with prison rules). In other words, it would be unreasonable for a jury to find that the lay-person Defendants in this case should have realized Roberts' spider bite required immediate medical attention from their brief interactions with him when the record plainly shows that Roberts himself did not act with such urgency.

## Conclusion

For these reasons, Defendants' motion for summary judgment [33] is granted. Civil case terminated.

**SO ORDERED**     **ENTER: 9/14/15**

_____
**JOHN Z. LEE**
**United States District Judge**